E-FILED – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6390-GHK (AGRx) | | Date | September 16, 2014 |
|---|---|---|---|---|
| Title | *Gurvitz, Marlowe & Ferris, LLP v. Zurich American Insurance Company* | | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **(In Chambers) Order Remanding for Lack of Subject Matter Jurisdiction**

On July 17, 2014, Plaintiff Gurvitz, Marlowe & Ferris, LLP ("Gurvitz") filed this action against Defendant Zurich American Insurance Company ("Zurich") in California state court over legal fees allegedly owed by Defendant to Plaintiff.  On August 14, 2014, Defendant removed this action, claiming that we have diversity jurisdiction over the case.  [Dkt. 1.]  On August 26, 2014, we ordered Zurich to show cause as to why this case should not be remanded for lack of subject matter jurisdiction (the "OSC").  [Dkt. 6.]  On September 9, 2014, Zurich filed a response to the OSC (the "Response").  [Dkt. 8.]

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), we must determine the issue of subject matter jurisdiction before reaching the merits of a case.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).  "Jurisdiction founded on 28 U.S.C. § 1332 requires that parties be in complete diversity and the amount in controversy exceed $75,000."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  In order to show complete diversity, the party asserting jurisdiction must show that the action is between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1442(a)(1)-(2).  That is, a plaintiff must establish that "the citizenship of each plaintiff is diverse from the citizenship of each defendant."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996).

In its Notice of Removal, Zurich failed to properly allege the citizenship of Gurvitz, making it impossible to determine whether the Parties are completely diverse for purposes of § 1332.  Zurich alleged that Gurvitz is an LLP "organized and existing under the laws of the State of California and doing business in the City of Woodland Hills, County of Los Angeles, State of California."  (Removal Notice ¶ 8.)  This statement was insufficient to establish Gurvitz's citizenship.  For purposes of diversity jurisdiction, an LLP is a citizen of every state of which its members are citizens, so the citizenship of every member must be adequately pled.  *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990); *see also* William Schwarzer, et al., Cal. Prac. Guide Fed. Civ. Pro. Before Trial, § 2:1353.

In its Response, Zurich now alleges that Gurvitz is a partnership composed of three attorneys: Ron F. Gurvitz, David F. Marlowe, and J. Scott Ferris.  (Response ¶ 5.)  Zurich alleges that all three partners are citizens of the State of California.  (*Id.*)  Gurvitz has helpfully stipulated to the fact that its

E-FILED – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6390-GHK (AGRx) | Date | September 16, 2014 |
|---|---|---|---|
| Title | *Gurvitz, Marlowe & Ferris, LLP v. Zurich American Insurance Company* | | |

members are citizens of California.  (Dkt. 8-2, Decl. Bruce Bolgar ¶ 3.)  Since Zurich is a corporation that is incorporated under the laws of the State of New York with its principal place of business in Illinois, (Response ¶ 9), it is a citizen of both New York and Illinois.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").  Therefore, Gurvitz's members are citizens of one state and Zurich is a citizen of two different states.  Accordingly, we are satisfied that there is complete diversity among the parties.

We are not satisfied, however, that the amount in controversy exceeds $75,000.  A removing defendant has the burden of proving that amount in controversy threshold is satisfied.[1]  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006).  Gurvitz's complaint seeks only $53,875.18 in damages.  Zurich nonetheless argued in its Notice of Removal that the amount in controversy exceeds $75,000 because Gurvitz also seeks attorney fees, experts fees, "any other damages arising from [Zurich's] action," and "any further relief the Court deems just and proper."  Adding these sums to Guvitz's damages would, according to Zurich, push the amount in controversy over the jurisdictional threshold.

In the OSC, however, we noted "experts fees" are presumably costs not included in the amount in controversy.  28 U.S.C. § 1332(a).  We also noted that there is no authority that claims for "any other damages arising from [Zurich's] action" and "any further relief the Court deems just and proper" are concrete enough requests for relief to be added to the alleged amount in controversy.  And finally, we also noted that attorney fees can be included in determining the amount in controversy only when they are recoverable by the plaintiff by statute or agreement.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).  Gurvitz's complaint asserted no statutory or contractual basis for attorney fees and Zurich did not present one in the Notice of Removal.  For all these reasons, we ordered Zurich to show cause as to why we should not remand for lack of subject matter jurisdiction.

In its Response, Zurich offers no new arguments as to why experts fees or vague prayers for relief can be included in the amount in controversy, but Zurich does raise a new argument as to why attorney fees can be included in the amount in controversy.  Zurich now contends, citing *Brandt v. Superior Court*, 37 Cal. 3d 813, 817-18 (1985), that in an action against an insurer for breach of the implied covenant of good faith and fair dealing, a plaintiff is entitled by California law to recover an

---

[1]  It is unclear in the Ninth Circuit whether a defendant in this situation (where the state court complaint alleges an amount below the jurisdictional threshold) must show that the jurisdictional amount exists by a preponderance of the evidence or to a legal certainty.  *See, e.g.*, *Romsa v. Ikea U.S. W., Inc.*, 2014 WL 4273265 at *1 n.6 (C.D. Cal. Aug. 28, 2014) (discussing the conflict among district courts after *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) was implicitly overruled by *Standard Fire Insurance Company v. Knowles*, 133 S.Ct. 1345, 1347 (2013)).  It makes no difference what standard applies here, though.  Even under the preponderance of the evidence standard, Zurich has failed to carry its burden.

E-FILED – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6390-GHK (AGRx) | Date | September 16, 2014 |
|---|---|---|---|

| Title | *Gurvitz, Marlowe & Ferris, LLP v. Zurich American Insurance Company* |
|---|---|

award of attorney fees as damages.  This award of attorney fees under *Brandt* "may be considered in determining whether the amount in controversy exceeds the jurisdictional floor" for purposes of § 1332.  *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998).  Gurvitz's complaint includes a claim for breach of the implied covenant of good faith and fair dealing.  Thus, Zurich argues that the amount of *Brandt* attorney fees recoverable based on this claim will exceed $20,000 and drive the total amount in controversy over the jurisdictional threshold.

This argument is meritless.  *Brandt* fees are not available in this case.  The *Brandt* court held that "when an insurer's [breach of the implied covenant of good faith and fair dealing] reasonably compels the *insured* to retain an attorney *to obtain the benefits due under a policy*, it follows that the insurer should be liable in a tort action for that expense."  37 Cal. 3d at 817 (emphasis added).  This case is not a lawsuit between an insurer and insured; it is a lawsuit between an insurer and the insurers' lawyers.  Since Gurvitz does not claim to be insured by Zurich, it would be impossible for Gurvitz to seek the type of fees recoverable under *Brandt*.  Moreover, even if *Brandt* fees were available, Zurich would still bear the burden of proving that such fees would be high enough to satisfy the jurisdictional amount.  Zurich baldly asserts—without supporting citation, affidavit, or explanation—that "the attorney's fees incurred by plaintiff in prosecuting the instant case (including discovery and trial) will clearly exceed $21,124.82 . . . ; it would be rare for a party to prosecute a federal court action for less than [that amount] in attorney's fees."  (Response ¶ 17.)  A single conclusory statement that Gurvitz will incur more than $20,000 in attorney fees is insufficient to establish subject matter jurisdiction.

Zurich cannot show that the amount in controversy exceeds $75,000 and therefore cannot establish diversity jurisdiction under 28 U.S.C. § 1332.  Accordingly, we lack subject matter jurisdiction to hear this case.  Thus, this action is **REMANDED** to the state court from whence it was removed.  Zurich's pending Motion to Dismiss Portions of Plaintiff's Complaint is **DENIED as moot**.  The hearing on the motion, currently set for September 22, 2014, is hereby **TAKEN OFF CALENDAR**.

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| Initials of Deputy Clerk | | Bea | |